UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA

               Plaintiff,                        Case: 2:22-cr-20326

vs                                         Judge:  Hon. Gershwin A. Drain

                                          MOTION TO SUPPRESS

CHRISTIAN CALHOUN

               Defendant.
_____/
RODNEY WILLIAMS (P47888)
Attorney for Defendant
615 Griswold Street; Suite 700
Detroit, Michigan 48226
(313) 309-7852
(313) 309-7853 (Fax)
AttorneyRodneyWilliams@gmail.com

## DEFENDANT'S MOTION TO SUPPRESS

NOW COMES Defendant Christian Calhoun, by and through his attorney, Rodney Williams, hereby submits his Motion to Suppress Evidence and states as follows:

That the warrantless search of Mr. Calhoun's vehicle was not permissible under the search incident to arrest exception or the automobile exception. As a

result, the discovery of the 9mm caliber pistol found under the driver's seat in

Mr. Calhoun's locked vehicle must be excluded from evidence.

## DEFENDANT'S SUMMARY OF THE FACTS

On June 10, 2022, at approximately 00:35 hours, two Detroit Police

Officers working patrol in Detroit's Eighth Precinct observed a silver, 2015

Dodge, Charger turn northbound onto Prevost St. from westbound Saint Martins

St., Detroit, Michigan, driving the wrong way on a one-way street. The driver,

Mr. Calhoun, disregarded the double posted "Do Not Enter" and "One Way"

street signs posted at the intersection of Prevost St. and Saint Martins Street.

Officers followed the 2015 Dodge Charger down Prevost Street. Mr. Calhoun

pulled into the driveway of Mr. Calhoun girlfriend's house, locked the vehicle,

and started walking towards the front porch of that same house. The Officers

activated their lights, initiating a stop and directed him to step to the front of the

DPD scout car. The officers proceeded to perform a protection pat down of Mr.

Calhoun and asked him if he have a valid concealed pistol license (CPL), to

which Mr. Calhoun advised he did not. One of the officers then approached the

2015 Dodge Charger and confirmed that Mr. Calhoun was the sole occupant. The

officer alleged that while looking through front driver side window for occupants

he observed an empty handgun holster against the vehicle gear shift knob (it

should be noted again the time of day this occurred and that vehicle was parked,

locked, and in the driveway). Officers then placed Mr. Calhoun in handcuffs and ordered him to provide them the key to his vehicle. After Mr. Calhoun informed them that the key to the vehicle was in his front pants pocket, officers then reached into his  front pants pocket without his consent and retrieved the key, unlocked the vehicle, and began to search the vehicle finding a 9mm gun under the front driver's seat. Subsequently, after tracking the origins of the firearm, it was determined that federal charges were warranted. On June 7, 2017, a federal grand jury returned an indictment charging Mr. Calhoun with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## ARGUMENT

In *Arizona v. Gant*, the Supreme Court held that during an incident to an arrest, a vehicle may be searched without a warrant if it were reasonable for the police to believe that the arrestee "could have accessed his car at the time of the search." 556 U.S. 332, 344 (2009). This exception is only applicable so long as "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 556 U.S. at 351 (emphasis added). In our case, at the time of the police stop Mr. Calhoun was outside of his locked vehicle heading to the front door of his girlfriend's home. Furthermore, before the search of the vehicle, Mr. Calhoun was handcuffed and secured by the officers. As a result, it

was unlawful to search Mr. Calhoun car because it was not a proper search incident to his arrest (the first *Gant* holding) and it was not reasonable to believe that evidence of his crime of arrest (driving the wrong way and suspended license which was noted in police report) would be discovered in the vehicle (the second *Gant* holding). It certainly was not reasonable to believe that Mr. Calhoun's vehicle contained evidence of any of those crimes. See, e.g., *United States v. Beene*, 818 F.3d 157, 161–62 (5th Cir. 2016) (finding that the defendant's vehicle would not contain evidence of his crime of resisting arrest); *United States v. Vinton*, 594 F.3d 14, 25 (D.C. Cir. 2010) ("Had [the defendant] been arrested merely for speeding . . . , Gant's evidentiary rationale obviously would not have authorized a subsequent search because under the circumstances it would have been very unlikely that evidence relevant to [that] traffic offense[] would be found inside his car."); *United States v. Lopez*, 567 F.3d 755, 758 (6th Cir. 2009) (finding a police officer's warrantless search of the defendant's vehicle unreasonable because "[t]here was no reason to think that the vehicle contained evidence of the offense of arrest, since that offense was reckless driving"); see also *State v. Noel*, 779 S.E.2d 877, 885 (W. Va. 2015) (finding the warrantless search of the defendant's vehicle unlawful under Gant because "it was unreasonable to believe that [the defendant's] vehicle contained evidence of the offense of his arrest, i.e., fleeing with reckless indifference.").

The automobile exception fares no better than the warrantless search incident to arrest exception. Under the automobile exception, the police can search a vehicle without first obtaining a warrant if the vehicle "is readily mobile and probable cause exists to believe it contains contraband." *United States v. Kelly*, 592 F.3d 586 (4th Cir. 2010) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (per curiam)). "Probable cause exists when 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" *United States v. Patiutka*, 804 F.3d 684, 690 (4th Cir. 2015) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "The principal components of a determination of . . . probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to . . . probable cause." *United States v. Brookins*, 345 F.3d 231, 235–36 (4th Cir. 2003) (quoting Ornelas, 517 U.S. at 696).

There was nothing in the officers' police report that suggest that at the time of the stop that the car was mobile or that they had "ample probable cause" to search Mr. Calhoun's vehicle. While Mr. Calhoun's driving down a wrong way street may have given the officers articulable evidence to stop Mr. Calhoun it did not give them probable cause to circumvent the Fourth Amendment's

warrant requirement and search the vehicle. "The automobile exception requires that the police have probable cause (not just reasonable articulable suspicion) to search." *Patiutka*, 804 F.3d at 691. As a result, without more supporting facts available to tip the scales from "articulable suspicion" to "probable cause," the search of Mr. Calhoun's vehicle was not reasonable. *United States v. Lyles*, 910 F.3d 787, 790–91, 794 (4th Cir. 2018) (affirming grant of motion to suppress for lack of probable cause where police obtained warrant to search defendant's entire house for evidence of marijuana possession based on finding three marijuana stems in his trash).

## CONCLUSION

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "'A warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions' to the Fourth Amendment's warrant requirement." *United States v. Ferebee*, 957 F.3d 406, 418 (4th Cir. 2020) (quoting *Flippo v. West Virginia*, 528 U.S. 11, 13 (1999) (per curiam)). "The government bears the burden of proof in justifying a warrantless search or seizure*." United States v. McGee*, 736 F.3d 263, 269 (4th Cir. 2013). As such, it is Mr. Calhoun's argument that the evidence seized should be suppressed because the officers had no justification to search his

vehicle.

## REQUEST FOR RELIEF

WHEREFORE, DEFENDANT request that this court suppresses the unlawfully discovered weapon and whatever other equitable relief appears appropriate.

Respectfully submitted,

Dated:  7/18/2022                     */S/Rodney Williams*
                                      Rodney Williams P47888
                                      Attorney for Defendant
                                      615 Griswold Street: Suite 700
                                      Detroit, Michigan 48226
                                      (313) 309-7852
                                      (313) 309-7853
                                      AttorneyRodneyWilliams@gmail.com

Certification of Service: I certify that on July 18, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsels of record who are ECF participants.

*/s/Rodney Williams*
RODNEY WILLIAMS
Attorney for Defendant