UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,                CRIMINAL NO. 22-cr-20326

v.

                                   HON. GERSHWIN A. DRAIN

CHRISTIAN CALHOUN,

         Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Christian Calhoun, who is scheduled to be sentenced on November 8, 2022. For the reasons provided below, the government recommends a sentence of confinement of 21 months, the mid-point of the applicable guideline range of months, to be followed by a 3-year term of supervised release (PSR, ¶ 111, Rule 11, Page 8).

I.    PROCEDURAL BACKGROUND

Defendant Calhoun was charged in a criminal complaint with Felon in

1

Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). On or about June 23, 2022, Calhoun was charged in a single-count Indictment with Felon in Possession of a Firearm. The Indictment also included forfeiture allegations. On August 9, 2022, Calhoun entered a guilty plea to Count One of the Indictment with the benefit of a Rule 11 Plea agreement. Calhoun has been in the custody of the U.S. Marshal Service since June 11, 2022, approximately five months.

II. FACTUAL BACKGROUND

On June 10, 2022, Calhoun was arrested by Detroit Police Officers after a traffic stop was effectuated. Calhoun had been observed driving the wrong way on a one-way street. Calhoun, who was the sole occupant and driver of the vehicle, exited the vehicle in the driveway of his residence. When the Officer looked through the window of the car, he observed a firearm holster near the gear shift. Calhoun was detained by the Officers. A further search of the vehicle produced a Model 509, 9mm semi-automatic handgun with 15 rounds of ammunition under the driver's seat. After investigation, it was determined that Calhoun did not have a CPL to carry the firearm, had at least one prior felony conviction, and the firearm had been reported stolen on June 6, 2022, out of Westland, MI. ATF agents determined that the

2

firearm was manufactured outside the State of Michigan after 1989, and therefore, traveled in and affected interstate commerce.

III. SENTENCING CALCULATION

    A. Statutory Maximum Sentences

Count 1: Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g), 924(a)(2) not more than 10 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class C felony.

    B. Sentencing Guidelines Calculations.

Defendant's guidelines are as follows:

*Base Offense Level*

USSG §2K2.1(a)(6), Felon in Possession of a Firearm
Level is 14

USSG §2K2.1(b)(4)(A), Firearm was stolen +2

Acceptance of Responsibility, USSG §3E1.1(b)   -3

Offense Level   13

*Criminal History Category*:

Prior Convictions =5 Points

Total is 5 points, Category III

The applicable guideline range is 18-24 months' imprisonment (PSR, ¶ 111)

IV. GOVERNMENT'S RECOMMENDATION

3

As set forth in the PSR, based upon Calhoun's criminal history and the underlying criminal conduct, Calhoun falls within the sentencing guideline range of 18 - 24 months. For the reasons set forth below, the government respectfully recommends the Court impose a sentence of confinement 21 months, to be followed by a three-year period of supervised release (Rule 11, page 9). The government has no objection to his sentence running concurrent with the state sentence imposed (Rule 11, page 7). Such a sentence would recognize the seriousness of Calhoun's offense conduct, would take into consideration his past criminal history, and would serve as a deterrent to future criminal activity. Forfeiture of the firearm and ammunition must also be ordered.

V.  ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence of 21 months, the mid-point of the guideline range calculated by the U.S. Probation Dept., appropriately considers the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Calhoun's case, is reasonable. The most relevant sentencing factors for this Court to consider are as follows:

Nature and Circumstances of the Offense/History and Characteristics of Defendant

The felony offense committed by Calhoun; unlawful possession of a firearm is serious. Due to its serous nature, it carries a maximum penalty of ten years' imprisonment. Currently cities across the country are plagued with issues of gun violence. Gun violence-related deaths rose to nearly 21,000 last year, excluding suicide (https://abcnews.go.com/US/americas-gun-violence-problem-numbers/story?id=85136358). That number is a huge increase compared to 19,515 in 2020. The statistics of gun violence in the City of Detroit alone are staggering. Because of the gun violence in the city, Detroit is cracking down on violent crimes with a plan to curb gun violence in some of the city's most crime-ridden areas during the summer months. Federal and local law enforcement officials recently announced the Project Safe Neighborhoods plan, a joint strategy that focuses on the most violent offenders and devising solutions to address them. (https://www.freep.com/story/news/local/michigan/detroit/2022/06/06/detroit-police-target-summer-gun-violence/7531956001/). Calhoun's actions in this criminal case are part of the larger problem of gun violence in our cities, most specifically in Detroit. Gun possession. Gun possession by previously convicted felons.

Calhoun is 36 years of age. He has four children, who all reside in the Detroit area. Calhoun is not married but is involved in a nine-year relationship. He will

return to that residence following any term of imprisonment imposed. He is expecting a new child in March 2023.

Calhoun has used prior alias names and alias social security numbers and dates of birth. He believes he has earned a GED, but confirmation is pending (PSR, ¶ 103). His parents reside in Detroit. Calhoun had a difficult childhood, particularly with the loss of his brother in 2019. Calhoun's brother was shot while Calhoun was with him. Calhoun was also shot multiple times. As a result, Calhoun has a paralyzed foot, for which he receives Social Security Disability Income. Calhoun was deeply affected by his brother's death. Calhoun also lost a sister in 2008, due to complications of sickle cell anemia. Other than his foot injury, Calhoun is in good physical health. He believes he may suffer from PTSD as a result of his brother's death and his injuries. Calhoun admits to daily marijuana use and has participated in substance abuse treatment programs in the past (PSR, ¶ 100). Calhoun was unemployed at the time of his arrest, and reports no assets (PSR, ¶ 109).

Calhoun's criminal history is extensive. His adult criminal convictions include Stolen Property- Receiving and Concealing (2005); Controlled Substance – Delivery/Manufacture Attempt (2005); Breaking and Entering a Vehicle (2005); Stolen Property-Receiving and Concealing (2005); Unarmed Robbery (2005); Public Peace- Misrep. With Intent to Obstruct Police (2007); Disorderly Conduct

(2012); Disturbing the Peace (2015); No Operator's License (2016) (2018); DWLS (2018); Gave False Information (2018); Improper Plates (2018) and DWLS (2018) (2020). On several of his convictions he has violations of probation and parole. On at least one occasion his adjustment to supervision was reported as poor, with new criminal conduct, positive tests for marijuana, falsification of community service documentation and failure to pay financial obligations (PSR, ¶31). His stolen property conviction in 2005 involved 10-20 thefts from automobiles, a local catholic school and the theft of musical instruments from the school, which were sold to a local music store (PSR, ¶ 32). His unarmed robbery conviction in 2005 involved a strong-armed robbery from a Meijer store customer of expensive sunglasses off the victim's face. During the robbery, Calhoun threw a glass bottle at the victim, striking him in the face (PSR, ¶ 33). Calhoun was also charged with probation violations in that case. Calhoun's 2015 conviction for Disturbing the Peace involved possession of a firearm which he threw in the bushes as police chased him from the scene of a street incident (PSR, ¶ 38). Calhoun's record also contains a number of cases in which he failed to perform community service, failed to pay fines and costs assessed and failed to appear for court hearings. Two arrests for domestic violence were dismissed, based upon the failure of the complaining witness to appear (PSR, ¶ 50,51). Calhoun has numerous pending charges, involving mostly traffic matters,

7

which are detailed in the Pre-Sentence Report, ¶¶ 63-78. His record also contains arrests (not prosecuted) for Misdemeanor Assault, Loitering, Felony Robbery and DWLS (PSR, ¶ 79-85).

Based upon the seriousness of this firearms offense, and Calhoun's past criminal history, which includes crimes of violence, crimes involving firearms and numerous probation and parole violations, as well as traffic offenses, a sentence at the mid-point of the applicable guideline range is warranted. Deterrence must be emphasized. Our citizens and communities must be protected from those who chose to carry dangerous weapons while being legally prohibited from doing so and who otherwise commit violent acts and crimes. Calhoun's disability and prior experience with violence should not be permitted as an excuse for his illegal possession of a dangerous firearm.

> <u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>

The probation department has recognized that an upward departure from the guidelines of 18-24 months may be warranted based upon the under-representation of Calhoun's criminal history and the likelihood that he will commit other crimes (PSR, ¶ 124). There can be no doubt that Calhoun's conduct in repeatedly violating

8

both traffic laws and criminal laws must be addressed by this Court. Calhoun was aware that he was not able to legally possess guns, based upon his prior felony convictions and even his most recent state arrest for a similar crime. This arrest took place just six months after he was found in possession of a firearm and was charged in the state court. That matter remains pending. Nonetheless, even with just a short passage of time, he obtained and carried a loaded and stolen gun in his vehicle. The gun was readily accessible to him as his drove his vehicle – directly under the driver' seat. His purpose in carrying the gun is unknown. Fortunately, at this time he is not a suspect in any other criminal activity involving the gun. Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a sentence of confinement of 21 months is warranted.

<u>The Need for the Sentence Imposed to Provide Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner</u>

Calhoun's medical conditions may be treated within the Bureau of Prisons. Further, vocational training could be pursued so that he could obtain employment when released. Occupying his time with constructive employment and purpose may serve to prevent his continued association with firearms and criminal law

9

violations. If he has not yet earned his GED, such should be ordered as part of the sentence imposed. Psychological counseling or other mental health treatment for potential PTSD would be appropriate within the BOP or following his release.

### The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

A sentence within the calculated range of 18-24 months is appropriate to avoid unwarranted sentence disparities with defendants who have similar criminal records and who engage in similar type criminal activity.

## VI. CONCLUSION

Calhoun's physical disability and medical condition cannot be excuses for his criminal conduct in possessing a dangerous firearm. Nor can his troubled childhood and experience with the loss of his sibling. A sentence of 21 months, the mid-point of the range of 18 - 24 months' confinement, the guidelines range as determined by the U.S. Probation Department in accordance with the applicable sentencing guidelines, to be followed by a three-year period of supervised release, should be imposed. Forfeiture of the firearm seized, and the ammunition is also proper as part of the sentence in this case. Calhoun has agreed to forfeiture as part of his guilty plea in this case.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Susan E. Fairchild (P41908)
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577
E-mail: susan.fairchild@usdoj.gov

Dated: November 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Rodney Williams, Attorney for Defendant

s/Susan E. Fairchild P41908
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone: (313) 226-9577
E-mail: susan.fairchild@usdoj.gov
